UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JORGE DUCOS, *individually and on behalf of all those similarly situated,*

    Plaintiff,

v.

VERIZON CONNECT FLEET USA LLC and VERIZON CORPORATE RESOURCES GROUP LLC,

    Defendants.
_____/

Case No.:  8:24-cv-00216-MSS-AEP
COLLECTIVE ACTION

## **JOINT MOTION TO APPROVE FLSA SETTLEMENTS AND TO DISMISS THIS ACTION WITH PREJUDICE AND INCORPORATED MEMORANDUM OF LAW**

Plaintiff JORGE DUCOS and Opt-In Plaintiffs James Brannen, Jordan Carlson, Kevin Cervantes, Nina Coke, Heather Duncan, Brian Eichman, Stephen Geary, Novette Gish, Anthony Liace, Douglas Schrift, and Anna Maria (Estrada) Brannen (collectively, the "Plaintiffs"), and Defendants VERIZON CONNECT FLEET USA LLC and VERIZON CORPORATE RESOURCES GROUP LLC (collectively, "Defendants"), hereinafter collectively referred to as the "Parties," by and through the undersigned counsel, hereby file this Joint Motion to Approve their Settlement Agreements and to Dismiss this Action with Prejudice and Incorporated

Memorandum of Law, and state the following:

1. On January 23, 2024, Plaintiff Jorge Ducos filed a one-count complaint against Verizon Connect Fleet USA LLC, alleging violations of the Fair Labor Standards Act ("FLSA"), which was amended on February 1, 2024, to add Verizon Corporate Resources Group LLC as a defendant, but not substantively alter the factual allegations contained in the original pleading. (See Dkt. No. 10).

2. James Brannen, Jordan Carlson, Kevin Cervantes, Nina Coke, Heather Duncan, Brian Eichman, Stephen Geary, Novette Gish, Anthony Liace, Douglas Schrift, and Anna Maria (Estrada) Brannen joined this action as opt in plaintiffs.

3. Plaintiffs claimed they worked for Defendants as Customer Success Managers. Plaintiffs alleged that they were non-exempt employees who were not paid for overtime hours worked. Plaintiffs alleged that they routinely worked through unpaid meal breaks and outside regularly scheduled workdays, but were not paid for all overtime hours because of a de facto policy against reporting more than 8 hours per day and 40 hours per week. Plaintiff demanded unpaid overtime wages, liquidated damages, costs, and reasonable attorneys' fees.

4. Defendants timely filed an Answer and Defenses to Plaintiffs' Amended Complaint on March 11, 2024. Defendants continue to strongly maintain that Plaintiffs, and all employees, are and were properly and fully paid and that Defendants have, at all times, complied with federal and state laws.

5. The litigation commenced for approximately 9 months in this case.

6. On October 3, 2024, after completing a first round of written discovery and document production, the Parties, through their counsel, attended a full day mediation and were able to settle this matter through the assistance of experienced employment lawyer and mediator, Brad Kimbro, Esq. DE 41.

7. The Parties stipulate and represent that a bona fide dispute exists regarding the merits of Plaintiffs' case and the back wages and other damages Plaintiffs claim. The Parties still disagree on key questions of whether Plaintiffs were entitled to overtime compensation, whether Plaintiffs sustained any damages and, if so, the extent of the purported damages. Nonetheless, the Parties conducted formal settlement negotiations and were able to reach an agreement resolving all aspects of this case including the claims for unpaid overtime wages, liquidated damages, and attorney's fees and costs. Defendants elected to resolve this matter in order to avoid further disruption and expense, not because it admits liability. Indeed, Defendants specifically and expressly denies any and all liability, including denying that Plaintiffs worked any time for which they were not compensated.

8. After extensive discussions regarding their respective positions, Plaintiffs and Defendants have agreed to resolve this case in its entirety on terms which they mutually stipulate and agree are fair, reasonable, and adequate. The Settlement Agreements between the parties reflect the risks and uncertainty

associated with litigation. The attorney's fees and costs that the parties agreed upon for Plaintiffs' counsel, were negotiated separately from the settlement sums being paid to Plaintiffs.

9. A Composite of the executed Settlement Agreements are attached as <u>Exhibit 1</u>.

10. Collectively, Defendants have agreed to pay the Plaintiffs, as per the Settlement Agreements, a gross total of $33,000 as alleged unpaid overtime wages and alleged liquidated damages and interest.

11. Each Plaintiff will receive two checks. One check, less applicable taxes and withholdings, including employer required payroll taxes, designated as alleged unpaid overtime wages, and one check, without any withholdings, designated as alleged liquidated damages and interest.

12. The mediation resulted in Defendants' agreement to pay this gross sum of $33,000 as a total sum to resolve the wage claims of all the Plaintiffs, which the parties herein stipulate and agree constitute a fair and reasonable compromise between the Parties as to the Plaintiffs' unpaid overtime claims, which the Plaintiffs have accepted.

13. After the Parties reached a sum to be paid to the Plaintiffs, the Parties also agreed to a fair and reasonable resolution to Plaintiff's request for attorney's fees and costs for a total amount of $35,000. The attorney's fees in this case were

agreed upon separately and without regard to the amount to be paid to Plaintiffs, and in no way affected the amount of wages separately and first agreed to be paid by Defendants to the Plaintiffs for their claimed unpaid overtime wages.

14. The Settlement Agreements will result in Plaintiffs receiving a payment within thirty (30) days of Court approval of the Settlement Agreement and the Court dismissing this action with prejudice, as opposed to waiting for a possible payment at an unknown future date if the Parties pursued litigation.

15. The Settlement Agreements are a further codification of a binding mediation settlement which should be honored by this Court, and allows the Parties to put this case and all issues related to Plaintiffs' employment behind them so that they can eliminate the distractions and inherent risks of litigation.

## **MEMORANDUM OF LAW**

A compromised FLSA settlement becomes final and enforceable if it is supervised by either the Department of Labor or a court. *See Lynn's Food Stores, Inc. v. United States Department of Labor*, 679 F.2d 1350, 1353 (11th Cir. 1982). Before approving an FLSA settlement, a court must scrutinize the settlement to determine if it constitutes a fair and reasonable resolution of a bona fide dispute. *Id*. at 1354-55. If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve it. *Id*. In determining whether the settlement is fair and reasonable, the Court may consider the following factors:

> (1) the existence of fraud or collusion behind the settlement: (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of the counsel. *See Leverso v. South Trust Bank of Ala., Nat. Assoc.*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994).

*Pessoa v. Countrywide Home Loans, Inc.*, 6:06-cv-1419-Orl-JGG, 2007 WL 1017577, at **2-3 (M.D. Fla. Apr. 2, 2007); *Hamilton v. Frito-Lay, Inc.*, 6:05-cv-592-ORL-22JGG, 2007 WL 328792, at *2 (M.D. Fla. Jan. 8, 2007); *see also Hill v. Florida Indus. Elec., Inc.*, 6:06-cv-915-ORL-31JGG, 2007 WL 486615, at *3 (M.D. Fla. Feb. 9, 2007); *Pacheco v. JHM Enterprises, Inc., et al.,* No. 6:05-cv-1247-Orl-JGG, 2006 WL 948058, at *4 (M.D. Fla. Apr. 12, 2006). There is a "strong presumption" in favor of finding a settlement fair. *See Hamilton*, 2007 WL 328792, at *2*; see also Cotton v. Hinton,* 559 F.2d 1326, 1331 (5th Cir. 1977). Indeed, at least one judge has found that "[i]f the parties are represented by competent counsel in an adversary context, the settlement they reach will, almost by definition, be reasonable [and] [r]arely will the Court be in a position to competently declare that such a settlement is 'unreasonable.'" *Bonetti*, 715 F. Supp. 2d at 1227.

### A. Plaintiffs' Recovery is Fair and Reasonable

In the instant matter, the Parties stipulate that the issue of Plaintiffs' recovery was negotiated independently, at arm's length and resolved to the Plaintiffs' satisfaction. The Plaintiffs could have chosen to continue in litigation but elected to

compromise their claims and resolve this bona fide dispute. The amount of Plaintiffs' recovery represented a compromise as to the issues of whether wages are owed to Plaintiffs; the number of hours worked by Plaintiffs; the number of workweeks at issue; and whether liquidated damages should be imposed. These factors support the conclusion that the settlement reached is fair and reasonable. *See e.g.*, *Miller v. Douglas County, GA*, No. 1:20-CV-1505-TCB, 2020 WL 13593697, at *1 (N.D. Ga. Sept. 21, 2020) ("A settlement entered into in an adversarial context where both sides are represented by counsel throughout the litigation is more likely to reflect compromise of disputed issues.").

Counsel for the Parties independently analyzed the evidence—including timekeeping and payroll records of the relevant period—and negotiated a Settlement Agreement that fairly and reasonably accounts for their probabilities of success and for the range of potential recovery. Here, Plaintiffs initially claimed that they worked 5 and more hours of unpaid overtime per full 5-day workweeks but before having access to their time and pay records, and without any offset for already paid overtime hours. For its part, Defendants contended that it had properly and fully paid Plaintiffs and vigorously disputed the merits of Plaintiffs' claims, the number of unpaid hours they allegedly worked, and whether a three-year statute of limitations and liquidated damages could be established. If Defendants prevailed, Plaintiffs recognized that they would receive nothing, or even if they prevailed, the jury could

award substantially less hours and wages.  Without admitting any fault or liability, Defendants came to this compromise to avoid the time, expense, and uncertainty with litigation.  As the parties and their counsel recognize the expense, disruption, risk, uncertainty, and difficulties inherent in litigation, they have decided to resolve this matter in recognition that "a 'settlement is a compromise, a yielding of the highest hopes in exchange for certainty and resolution.'"  *Pessoa*, 2007 WL 1017577, at *3.

Pursuant to the Settlement Agreement, Defendants will pay the Plaintiffs a total sum of $33,000.00 to resolve their unpaid overtime claims.  This amount was apportioned to each Plaintiff by factoring in each Plaintiff's duration of employment with Defendants within their respective statutes of limitations and the overtime paid to each.  The sum Defendants agreed to pay represents a compromise as to the number of unpaid overtime hours Plaintiffs' claim to have worked after the parties engaged in written discovery and document production.  It is further based upon a thorough analysis of the payroll and time records of all the Plaintiffs and takes into account the overtime Defendants paid to Plaintiffs during their employment with Defendants. Overall, the resolution equates to approximately 2 hours per week, which Plaintiffs and their counsel contend is a fair and reasonable compromise over a bona fide dispute in which Defendants have numerous defenses.  Thus, the settlement amount agreed to is an amount which represents a fair and reasonable

compromise between the Parties.

Additionally, throughout this litigation, Plaintiffs have been represented by counsel. *See Roberts v. Waste Pro USA, Inc.*, No. 6:20-CV-1807-WWB-EJK, 2021 WL 3017529, at *3 (M.D. Fla. Mar. 25, 2021), *report and recommendation adopted*, No. 6:20-CV-1807-WWB-EJK, 2021 WL 3017484 (M.D. Fla. Apr. 15, 2021) (approving an FLSA settlement because it "ar[ose] out of an adversarial context in which all parties [had] at all times been represented by counsel"). Plaintiffs' counsel has an obligation to vigorously represent their clients' rights, and they did so in this case. There is no evidence of fraud or collusion. Indeed, Plaintiffs and their counsel believe that the consideration provided under the agreement fairly and adequately compensates Plaintiffs for their claim of alleged unpaid wages and other relief sought in the Amended Complaint. Furthermore, Plaintiffs knowingly, voluntarily, and intelligently entered into this settlement, which was reached only after considerable and extensive discussion, analysis, consideration, and negotiation by Plaintiffs, Defendants, and their respective counsel. Before deciding to enter into this settlement, the parties and their counsel, discussed the alleged overtime hours and pay rate, the duties performed by Plaintiffs, the payroll records completed by Plaintiffs, the nature of their employment with Defendants, the potential overtime exposure, and the risks and uncertainty associated with litigation. The parties then engaged in settlement discussions based upon their independent calculations and

analysis and their respective positions on whether Plaintiffs were owed any wages. At the conclusion of those discussions, the parties ultimately reached an agreement as to all claims for unpaid overtime wages, liquidated damages, as well as attorney's fees and costs.

For these reasons, the Court should approve the Parties' Settlement Agreement.

### B. The Attorney Fees Here Were Negotiated Independently of Plaintiffs' Recovery

In regard to attorney's fees and costs, scrutiny is not required where the parties stipulate that the sum to be paid "was agreed upon separately and without regard to the amount paid to the plaintiff." *Bonetti v. Embarq Management Co.*, 715 F. Supp. 2d 1222, 1228 (M.D.Fla. 2009). Where such a stipulation is made, and the settlement is otherwise reasonable on its face, there is no reason to conclude that the plaintiff's recovery "was adversely affected by the amount of fees paid to his attorney." *Id*. "Moreover, the amount of attorney fees is not unreasonable on its face and further scrutiny appears unnecessary." *DeGraff v. SMA Behavioral Health Servs.*, 945 F. Supp. 2d 1324, 1329 (M.D. Fla. 2013), cited by *August v. Atlarge, Inc.*, No. 8:22-cv-2325-CEH-TGW, 2023 U.S. Dist. LEXIS 5491 (M.D. Fla. Jan. 10, 2023) approved at *August v. Atlarge, Inc.*, No. 8:22-cv-2325-CEH-TGW, 2023 U.S. Dist. LEXIS 17051 (M.D. Fla. Feb. 1, 2023).

After the Parties came to an agreement on the sum of wages to be paid to

Plaintiffs, they negotiated and agreed on a sum for the attorney's fees, including the costs, separately and without regard to the amount paid to the Plaintiffs for their claimed unpaid overtime wages. *See Bonetti*, 715 F. Supp. 2d at 1222, cited by *Finnell v. Top 1% Coaching, Ltd. Liab. Co.*, No. 2:19-cv-485-FtM-29NPM, 2020 U.S. Dist. LEXIS 268237, at *4 (M.D. Fla. Nov. 17, 2020) ("The Court finds that since the settlement appears reasonable on its face and the fees appear reasonable in light of the litigation in this case, no further scrutiny is required as to attorney fees."). The amount for attorney's fees was a negotiated compromise from the total lodestar fees, reached with mediator assistance, and thus represents a fair and reasonable sum on its face. For efficiency and convenience, Defendants have incorporated the fee payment settlement terms in the Ducos settlement agreement, although the same is thereafter allocated among the plaintiffs.

The Settlement Agreement will result in Plaintiffs receiving a payment within thirty (30) days of the Court approving this settlement and dismissing the case with prejudice, as opposed to waiting for a possible payment at an unknown future date if the Parties pursued litigation, and further allows the Parties to put this case and all issues related to Plaintiffs' employment behind them so that they can eliminate the distractions and inherent risks of litigation and focus on other matters. If the Court does not approve this settlement, both parties would be forced to engage in complex, costly, and protracted litigation in order to meet their respective burdens in this case.

This settlement, therefore, is a reasonable means for both parties to minimize future risks and litigation costs. Thus, for all the foregoing reasons, this settlement is a fair and reasonable resolution of a bona fide dispute over the terms of the FLSA. *See Pessoa*, 2007 WL 1017577, at *4.

**WHEREFORE**, the Parties respectfully request that this Court enter an Order approving the attached Settlement Agreements, dismissing this action with prejudice and granting such further relief as this Court deems just and proper.

Respectfully submitted December 13, 2024.


*/s/ Mitchell L. Feldman*
MITCHELL L. FELDMAN
Florida Bar No. 0080349
**FELDMAN LEGAL GROUP**
12610 Race Track Road, #225
Tampa, FL 33626
Tele: (813) 639-9366/Fax: (813) 639-9376
Email:mfeldman@flandgatrialattorneys.com
Lead Attorney For All Plaintiffs

WILLIAMS LAW PA.
*/s/Ben Williams, Esq.*
Bwilliams@williamslawjax.com
*Attorney for Plaintiffs*


*/s/ Gregory A. Hearing*
GREGORY A. HEARING
*Lead Counsel*
Florida Bar No.: 817790

SACHA DYSON
Florida Bar No.: 509191
KEVIN M. SULLIVAN
Florida Bar No.:1003812
Bush Graziano Rice & Hearing, P.A.
100 S. Ashley Drive, Suite 1400
Tampa, Florida, 33602
Tel: (813) 228-7000
Fax: (813) 273-0091
Primary emails: ghearing@bgrhlaw.com;
sdyson@bgrhlaw.com;
ksullivan@bgrhlaw.com
Secondary emails: mmcleod@bgrhlaw.com;
awhiteside@bgrhlaw.com
Attorneys for Defendants