UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**JORGE DUCOS**, *individually and on behalf of all others similarly situated*,

    Plaintiff,

v.

**VERIZON CONNECT FLEET USA, LLC and VERIZON CORPORATE RESOURCES, LLC,**

    Defendants.

Case No: 8:24-cv-00216-MSS-AEP

## ORDER

**THIS CAUSE** comes before the Court for consideration of the Parties' Joint Motion to Approve FLSA Settlements and to Dismiss this Action with Prejudice ("the Motion"). (Dkt. 44) The Parties request that the Court approve the settlement of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, claims and dismiss this action with prejudice. (Id.)

A claim brought under the FLSA can be settled and resolved in two ways. First, an employee may settle and waive claims under the FLSA if the payment of unpaid wages by the employer to the employee is supervised by the Secretary of Labor. 29 U.S.C. § 216(c); Lynn's Food Stores, Inc. v. U.S., 679 F.2d 1350, 1353 (11th Cir. 1982). Alternatively, an employee may settle and waive claims under the FLSA if the parties file a proposed settlement agreement with a district court, and the district court

enters a judgment approving the settlement. Lynn's Food Stores, Inc., 679 F.2d at 1353. To approve the settlement, the district court must determine whether the settlement agreement is a "fair and reasonable resolution of a bona fide dispute" of the FLSA issues. Id. at 1354–55.

On January 23, 2024, Plaintiff filed this action against Defendants. (Dkt. 1) On February 1, 2024, Plaintiff Jorge Ducos filed the Amended Complaint. (Dkt. 10) Plaintiff alleged Defendants violated the FLSA by failing to pay overtime compensation. (Id.) Plaintiffs James Brannen, Jordan Carlson, Kevin Cervantes, Nina Coke, Heather Duncan, Brian Eichman, Stephen Geary, Novette Gish, Anthony Liace, Douglas Schrift and Anna Maria (Estrada) Brannen joined this action as Opt-In Plaintiffs. (Dkt. 44) On October 15, 2024, the Court dismissed this case without prejudice pursuant to the mediation report. (Dkt. 42) Now, the Parties represent that they have reached an agreement to resolve the disputed FLSA claims. (Id.)

In exchange for release of liability under the FLSA, Defendants have agreed to pay a total amount of $33,000.00, which includes: (a) $1,004.20 to Plaintiff Anna Maria (Estrada) Brannen for unpaid wages, liquidated damages and interest; (b) $1,298.39 to Plaintiff James Brannen for unpaid wages, liquidated damages and interest; (c) $2,641.66 to Plaintiff Jordan Carlson in unpaid wages, liquidated damages and interest; (d) $423.68 to Plaintiff Kevin Cervantes for unpaid wages, liquidated damages and interest; (e) $3,196.91 to Plaintiff Nina Coke in unpaid wages, liquidated damages and interest; (f) $2,636.00 to Plaintiff Jorge Ducos for unpaid wages, liquidated damages and interest; (g) $4,288.17 to Plaintiff Heather Duncan for unpaid

wages, liquidated damages and interest; (h) $3,327.09 to Plaintiff Brian Eichman for unpaid wages, liquidated damages and interest; (i) $3,418.78 to Plaintiff Stephen Geary for unpaid wages, liquidated damages and interest; (j) $2,975.84 to Plaintiff Novette Gish for unpaid wages, liquidated damages and interest; (k) $3,411.88 to Plaintiff Anthony Liace for unpaid wages, liquidated damages and interest; and (l) $4,377.38 to Plaintiff Douglas Schrift for unpaid wages, liquidated damages and interest. (Dkt. 44-1) Defendants have also agreed to pay $35,000.00 to Plaintiffs' counsel for fees and costs. (Id.) The settlement sums are to be paid according to the disbursement plan outlined in the Settlement Agreements. (Id.)

The Parties agree that the terms of the Settlement Agreements, and the settlement amounts contained therein, represent a fair and reasonable compromise of Plaintiffs' claims. (Dkt. 44 at 6-10) The Parties further inform the Court that Plaintiffs have been represented by counsel and that both parties and their counsel "discussed the alleged overtime hours and pay rate, the duties performed by Plaintiffs, the payroll records completed by Plaintiffs, the nature of their employment with Defendants, the potential overtime exposure, and the risks of uncertainty associated with litigation" before deciding to enter into this settlement. (Id. at 9) Likewise, the Parties assert that the amount agreed to be paid to Plaintiffs' counsel for costs and fees was negotiated and agreed on "[a]fter the Parties came to an agreement on the sum of wages to be paid to Plaintiffs," and "separately and without regard to the amount paid to the Plaintiffs." (Id. at 10-11)

Upon review of the Motion, the Court finds that, with the exception of the confidentiality provisions in the Settlement Agreements, the Parties' Settlement Agreements are fair and reasonable as they relate to Plaintiffs' claims under the FLSA. "A confidentiality provision in an FLSA settlement agreement both contravenes the legislative purpose of the FLSA and undermines the Department of Labor's regulatory effort to notify employees of their FLSA rights." Dees v. Hydradry, Inc., 706 F. Supp. 2d 1227, 1242 (M.D. Fla. 2010). "The district court should reject as unreasonable a compromise that contains a confidentiality provision, which is unenforceable and operates in contravention of the FLSA." Id. at 1243. Therefore, the Court finds that, to the extent that the Settlement Agreements contain confidentiality provisions, the provisions are unenforceable.[1]

Therefore, upon review of the Motion and the Settlement Agreements, and except as discussed regarding the confidentiality provisions, the Court finds that the Parties' Settlement Agreements are fair and reasonable. However, the Court's approval of the Settlement Agreements in no way alters any party's obligation to pay or withhold appropriate sums for tax purposes in accordance with the requirements of the Internal Revenue Code.

Accordingly, it is hereby **ORDERED** that:

---

[1] Further, pursuant to the severability provisions contained in the Settlement Agreements, (Dkt. 44-1), the Court would sever the confidentiality provisions from the Agreements, if the Agreements presently contain confidentiality provisions, and approve the remainder of the Settlement Agreements subject to the limitations set forth in paragraph six (6) of this Order.

4

1. Parties' Joint Motion to Approve FLSA Settlements and to Dismiss this Action with Prejudice, (Dkt. 44), is **GRANTED**.

2. The Settlement Agreements, (Dkt. 44-1), are **APPROVED subject to the limitations set forth above in reference to the confidentiality and non-disclosure agreements,**[2] and they shall **GOVERN** the Parties' conduct in settlement of this civil action.

3. Defendants shall disburse the settlement sums, including attorneys' fees and costs, as set forth herein and in the Parties' Settlement Agreements. (Dkt. 44-1)

4. The Settlement Agreements do not bind any party who is not named as a party in the Settlement Agreements or referenced as an assign, attorney, or successor to the named parties. The Settlement Agreements also do not bar any claim by any third party that may be brought against either party to this action.

5. This action is **DISMISSED WITH PREJUDICE**. Each party shall bear its own legal fees and costs, if applicable, except as specified in the Settlement Agreements. **No retainer agreement between Plaintiffs and counsel shall override or alter the amount of settlement proceeds due to Plaintiffs in accordance with the terms of the Settlement**

---

[2] See Paragraph 7 in each of the agreements except Plaintiff Heather Duncan's agreement, where the provision is set forth in Paragraph 6. (Dkt 44-1)

Agreements as approved by this Order. Counsel shall provide a copy of this Order to their respective clients.

**DONE** and **ORDERED** in Tampa, Florida, this 16th day of January 2025.

_____
MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
All Counsel of Record
All *Pro Se* parties